NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3512
_____

BRUCESTAN T. JORDAN,
                                                      Appellant

v.

EDMOND C. CICCHI; BRIAN J. FENYAK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 10-cv-04398)
District Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2015

Before:  CHAGARES, JORDAN and COWEN, Circuit Judges

(Opinion filed: June 22, 2015)
_____

OPINION*
_____

PER CURIAM

Brucestan T. Jordan appeals from an order of the District Court granting summary

judgment to the defendants.  For the reasons that follow, we will affirm.

In 2008, Jordan filed a civil rights action in the United States District Court for the

District of New Jersey against employees of the Middlesex County Adult Correctional

Center ("MCACC"), alleging an unreasonable search and use of excessive force, see

Jordan v. Giles, etc., D.C. Civ. No. 08-cv-06088. In the 2010 civil rights action at issue in this appeal, Jordan sued MCACC Warden Edmond C. Cicchi and Business Manager Brian J. Fenyak, alleging that they retaliated against him for the 2008 lawsuit by withholding his legal mail and denying him access to the library. Jordan further alleged that these actions by the defendants obstructed his access to the courts. After deposing Jordan, the defendants moved for summary judgment, Fed. R. Civ. Pro. 56(a). Jordan opposed the motion. In an order entered on May 16, 2014, the District Court awarded summary judgment to the defendants. Jordan then filed a timely motion for reconsideration, which the Court denied in an order entered on July 17, 2014.

Jordan appeals. We have jurisdiction under 28 U.S.C. § 1291. Jordan argues in his brief that summary judgment was not proper because, after he filed the 2010 civil rights action, "the defendants never withheld his legal mail to the same extent again." Appellant's Brief, at 2. In addition, he argues that Fenyak's letter to him demanding that he pay $156.35 to have his mail forwarded to him is also proof that the defendants withheld his mail. Id. at 3. He further argues that, although he may have filed numerous pleadings in his various cases, he did so while he was detained at the Federal Correctional Institution in Miami, Florida ("FCI-Miami). Id. at 4. He further argues that, because the defendants withheld his mail, he missed the deadline for an appeal, and a case that was supposed to be dismissed with prejudice went to trial and he was sentenced to a term of imprisonment of 4 years. Id. at 8. Last, he argues that the doctrine of respondeat superior should not defeat his claims against Cicchi and Fenyak. Id. at 8-10.

We will affirm. We review a District Court's grant of summary judgment *de novo*. Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary

2

judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). The moving parties have the initial burden of identifying evidence that they believe shows an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Moreover, we are required to view the facts in the light most favorable to the non-moving party, and make all reasonable inferences in his favor. See Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). But, if the moving party has carried its burden, the nonmovant must then come forward with evidence showing that there is a triable issue. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A triable, or genuine, issue of material fact is one that could change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587.

By way of background, the summary judgment record shows that Jordan was a pretrial detainee at MCACC from April 8, 2008 to April 24, 2009 and again for most of the time from October, 2011 to February, 2012, awaiting trial on state charges. He was, however, committed to Trenton Psychiatric Hospital for an evaluation from December 26, 2008 through January 27, 2009, and he also spent a portion of his time in federal custody at FCI-Miami, where he was serving a sentence for mail fraud. Jordan went to trial in New Jersey in May, 2013 and was found guilty of theft by deception and

3

sentenced to a term of imprisonment of 1½-4 years. The summary judgment record also shows that Jordan was represented in his federal criminal case on appeal by an attorney.[1]

In deciding Jordan's retaliation claim, the District Court held that there was insufficient evidence in the summary judgment record to lead a rational trier of fact to find either that Jordan had suffered an adverse action, or that his protected conduct motivated the defendants to retaliate against him. With regard to whether Jordan had suffered some adverse action, the District Court noted that Jordan's actions while at MCACC showed that he was allowed access to the mail system and the library, because, during the period in question, he filed numerous pleadings, amended pleadings, motions, and responses to motions in connection with his various legal proceedings. Moreover, the record showed only two instances in his excessive force case in which his mail was returned as undeliverable, and he was not even housed at the MCACC facility at the time either piece of mail was returned as undeliverable. With regard to whether Jordan's constitutionally protected conduct was a substantial or motivating factor in the alleged decision to withhold his mail and deny him access to the library, the Court noted that Jordan's sole argument for causation was that he engaged in constitutionally protected activity and suffered harm at a later date, which is not legally adequate under our decision in Krouse v. American Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997) (temporal proximity, standing alone, is only sufficient when facts are "unusually suggestive" of a retaliatory motive).

---

[1] For background on Jordan's federal criminal conviction for mail fraud, the appellees have referred us to United States v. Jordan, 544 F.3d 656 (6th Cir. 2008) (affirming judgment of conviction and sentence).

The District Court also held that, in any event, there was no showing that either Warden Cicchi or Business Manager Fenyak played a personal role in the alleged retaliation. In denying Jordan's access to the courts claim, the District Court referred to its "adverse action" analysis in connection with Jordan's retaliation claim.

We have reviewed the summary judgment motion, evidence in support, and Jordan's response thereto, and conclude that there was, as the District Court concluded, no triable issue here and thus that Warden Cicchi and Business Manager Fenyak were entitled to judgment as a matter of law, Fed. R. Civ. Pro. 56(a). With respect to Jordan's retaliation claim, the District Court's determination that Jordan's ability to file pleadings and motions in connection with his various legal proceedings showed that he had access to his legal mail and the library is persuasive, but we need not draw inferences here. Summary judgment was proper on the ground that Jordan failed utterly to show that his constitutionally protected conduct, that is, his 2008 civil rights lawsuit, was a substantial or motivating factor in the alleged improper subsequent denial of his access to the courts by the defendants. A prisoner in a retaliation case must prove that: (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) he suffered some adverse action at the hands of the prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to act adversely to him. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). There is not a scintilla of evidence in the summary judgment record of a motivation to retaliate on the part of Cicchi and Fenyak for Jordan's 2008 civil rights lawsuit, and, as the District Court noted, there is nothing suggestive in the record about the temporal relationship between the 2008 lawsuit and the

adverse actions alleged by Jordan, see Krouse, 126 F.3d at 503. Accordingly, summary judgment for the defendants was proper on the retaliation claim.

With respect to Jordan's access to the courts claim, we note as a threshold matter that liability in a civil rights action pursuant to 42 U.S.C. § 1983 cannot be imposed on a supervisor on the basis of respondeat superior, Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), and liability cannot be imposed absent personal involvement in the alleged actions, see Rizzo v. Goode, 423 U.S. 362, 375-77 (1976); Chincello v. Fenton, 805 F.2d 126, 133-34 (3d Cir. 1986). Jordan made no showing whatever that either Warden Cicchi or Business Manager Fenyak played a role in the day-to-day management of the library at MCACC. Accordingly, summary judgment in their favor on this issue was proper. We thus will consider only the allegation that Jordan's legal mail was withheld, and consider whether he suffered an actual injury as required to make out a constitutional claim.

Prisoners have a right of access to the courts, Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977), but a violation of this right is only established where the prisoner shows that he was actually injured, that is, that he was actually hindered in his efforts to pursue a legal claim, Lewis, 518 U.S. at 351. An actual injury is shown only where a nonfrivolous, arguable claim is lost, Christopher v. Harbury, 536 U.S. 403, 415 (2002). With respect to his federal criminal case, the summary judgment record shows that Jordan was represented by counsel on appeal. In view of that undisputed fact and, given the Sixth Circuit Court of Appeals' decision affirming the criminal judgment, see Jordan, 544 F.3d 656, there is no showing of a triable issue with respect to Jordan's allegation that his right to appeal his federal

6

conviction was impaired. See Anderson, 477 U.S. at 249 (plaintiff cannot rest on his allegations without any significant probative evidence tending to support his claim). Jordan's allegation that his state theft by deception case would have been dismissed had he not been denied access to the courts by the defendants is similarly completely unsupported by the summary judgment record.

We are left then with the issue whether Jordan was hindered in prosecuting his 2008 excessive force case, D.C. Civ. No. 08-cv-06088, by the withholding of his legal mail. In his brief Jordan states that "[n]ot once after [his] release from their custody in May of 2009 did the defendants hold [his] legal mail, fail[ ] to give it to him before he left the facility, or try to charge [him] additional fees to receive his legal mail." Accordingly, we will consider only events that occurred before May, 2009. The District Court found for purposes of summary judgment that the docket from Jordan's 2008 civil rights action indicated two instances where his mail was returned as undeliverable, but the Court noted that Jordan was not housed at MCACC at either time, and thus the defendants could not be responsible for the undelivered mail.

In the 2008 lawsuit, Jordan pursued a claim of an unreasonable strip search and use of excessive force against Officer John Nortesano. The summary judgment record shows that there were two instances where his mail was returned in this case, see Docket Entry Nos. 4 & 16, but Jordan was housed at the Trenton psychiatric facility when the first item was returned on January 5, 2009, and not at MCACC; and he was not housed at MCACC when the second item was returned on June 25, 2009. Moreover, that second item was remailed to Jordan's new address in Florida, according to a July 1, 2009 docket entry. Accordingly, we are left with a single incident of mail in the 2008 excessive force

7

lawsuit that was not delivered to Jordan apparently because he was undergoing a psychiatric evaluation in a Trenton hospital. That mail was an order by the District Court denying Jordan's application to proceed in forma pauperis without prejudice for failure to use the proper form, and administratively terminating his case. See Docket Entry Nos. 2-3. The case, however, was reopened a few months later when Jordan complied with the form requirements and the District Court granted his in forma pauperis application. Because the case was reopened, Jordan suffered no actual injury in connection with that undelivered mail.[2]

In sum, with respect to his access to the courts claim, Jordan failed to identify any actual injury suffered as a direct result of any withheld legal mail, and thus the defendants were entitled to judgment as a matter of law. Jordan does not effectively dispute this. Instead, he argues that the fact that Fenyak wrote to him and told him that he would have to pay $156.35 to have his mail forwarded to him is proof that Fenyak withheld his legal mail and denied him access to the courts. We disagree. Fenyak's May 13, 2009 letter, which consists of two sentences, references no particular piece of mail, and does not even identify that the mail at issue was legal mail. Nor does Jordan identify any particular piece of mail that Fenyak was offering to forward if Jordan paid for postage. Accordingly, without more, we cannot infer from Fenyak's letter that it has any bearing on whether Jordan suffered an actual injury as a result of any withheld legal mail.[3]

---

[2] The case went to trial in March, 2015 and the jury returned a verdict in favor of Officer Nortesano.

[3] We note that Jordan testified at his deposition that, after he received the letter from Fenyak, he sent his mother to MCACC to personally pick up his mail. He thus never actually had to pay to have his mail forwarded.

8

Last, the District Court properly denied Jordan's motion for reconsideration because he failed to allege a manifest error of law or fact, and because he presented no new evidence that required the District Court to reconsider its decision. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

For the foregoing reasons, we will affirm the orders of the District Court granting summary judgment to the defendants and denying Jordan's motion for reconsideration.